IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NATHAN MERCADO and JAEL MEADE

                    Plaintiffs,

      -against-

THE CITY OF NEW YORK and                   **COMPLAINT**
P.O. "JOHN" BLETCHER,
the first name being fictitious as same is unknown,     **JURY TRIAL DEMANDED**
shield no. 3912

                Defendants.                **Case # 22-9462**

-----------------------------------------------------------X

The Plaintiffs by their attorney, ROSE A. ROSSI, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the Constitutions of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

## VENUE

3. Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

4. Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal Rules of Civil Procedure, P. 38(b).

## PARTIES

5. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6. That at all times herein mentioned the Plaintiffs reside in the County of Bronx, City and State of New York;

7. This action is commenced within two years of the date of the incident and/or accrual of the cause of action.

8. That at all times hereinafter mentioned, defendant, "CITY, owns, manages, operates, maintains and controls the New York City Police Department, hereafter referred to as "POLICE" as a subsidiary;

9. That at all times herein mentioned, the Defendant "John" Bletcher was employed by and a member of the "Police", and under the supervision of ranking officers of said department and was acting within his scope of authority.

10. That at all times herein mentioned the defendant "Police" was acting with the knowledge and consent of the defendants "City" and "Police".

11. On or about March 26, 2021 at approximately 4:30 pm of that day, the Plaintiffs were sitting, parked in the motor vehicle of the plaintiff, Nathan Mercado, "Nathan", and discussing where to go for dinner;

12. The vehicle was parked in a lot on Park Avenue between East 155th Street and East 156th Street;

13. That members of the "Police", including the named defendant responded to the scene with no guns drawn from upon information and belief, an unmarked vehicle;

14. The "Police" demanded that the plaintiffs exit the vehicle with hands raised. The plaintiffs were asked for identification, and they complied. The plaintiffs were searched at the scene;

15. The plaintiffs were removed from the scene and taken to the 40th precinct where they were held for an additional four (4) hours;

16. The plaintiffs were issued desk appearances;

17. The plaintiffs were released;

18. The criminal action against the Plaintiffs were disposed of as follows: Case Dismissed;

## FIRST COUNT-FALSE IMPRISONMENT

19. Plaintiffs repeat and re-iterate each and every allegation of the complaint herein numbered "1" through "18" inclusive as though same were fully set forth herein;

20. Plaintiffs were falsely imprisoned at the scene of the occurrence, continuing thereafter to the 40th precinct;

21. As a result of the aforementioned, plaintiffs suffered emotional trauma, feared for their lives, sustained severe and serious other consequential damages;

22. Plaintiffs intend to claim punitive damages for all of the counts herein;

23. The criminal action against the Plaintiffs were disposed of as follows: Case Dismissed

24. As a result of the foregoing, plaintiffs have been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts;

## SECOND COUNT-FALSE ARREST

25. Plaintiffs repeat, reiterate and re-allege the allegations contained in Paragraphs "1" through "24" herein as if more fully set forth at length;

26. Plaintiffs were, without cause or provocation, falsely arrested.

27. As a result of the foregoing, plaintiffs, suffered emotional trauma, fear for their lives, sustained severe and serious personal injuries and other consequential damages;

28. Plaintiff intends to claim punitive damages for all of the counts herein;

29. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District of New York and in excess of the Jurisdictional limits of all inferior Courts;

## SECOND COUNT-NEGLIGENT TREATMENT:

30. Plaintiffs repeat, reiterate and re-allege the allegations contained in Paragraphs "1" through "29" herein as if more fully set forth at length;

31. At the aforementioned time and place, plaintiffs were negligently treated by the defendant P.O. "John" Bletcher and by various police officers employed by the defendants "CITY" and "Police" in that a proper investigation was not conducted prior to the incident complained of, as a proper investigation would have revealed that the arrest and imprisonment was unwarranted;

32. Plaintiff intends to claim punitive damages and legal fees for all of the counts herein;

33. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District Court of New York and in excess of the Jurisdictional limits of all inferior Courts;

## THIRD COUNT-INVASION OF PRIVACY:

34. Plaintiffs repeat, reiterate and re-allege the allegations contained in Paragraphs "1" through "33" herein as if more fully set forth at length;

35. The aforementioned occurrence constituted an invasion of the privacy of plaintiffs;

36. As a result of the foregoing, Plaintiffs sustained severe and serious emotional injuries and other consequential damages;

37. Plaintiffs intend to claim punitive damages and legal fees for all of the counts interposed herein;

38. As a result of the foregoing, plaintiffs have been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts;

### FOURTH COUNT-CIVIL RIGHTS VIOLATION:

39. Plaintiffs repeat, reiterate and re-allege the allegations contained in Paragraphs "1" through "38" herein as if more fully set forth at length;

40. As a result of the aforementioned occurrence, plaintiffs were deprived of their civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC §1981, §1983, §1985, 1988 and 28 USC § 1343;

41. As a result of the foregoing, Plaintiffs suffered emotional trauma, feared for their lives, sustained severe and serious other consequential damages;

42. Plaintiffs intend to claim punitive damages and legal fees for all of the causes of action interposed herein;

43. As a result of the foregoing, Plaintiffs have been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts;

### FIFTH COUNT-NEGLIGENCE

44. Plaintiffs repeat, reiterate and re-allege the allegations contained in Paragraphs "1"

through "43" herein as if more fully set forth at length;

45. The aforementioned occurrence took place by reason of the negligence of defendants, its agents, servants and/or employees, including various police officers;

46. The defendant, "CITY" and it's subsidiary "Police" and their employees were negligent in their hiring and training practices and procedures. A proper investigation prior to hiring would have revealed that the defendant P.O. "John" Bletcher were not qualified to assume the responsibilities of the job hired for. In addition had there been a proper training program the aforementioned the defendant P.O. "John" Bletcher would not have been retained;

47. As a result of the foregoing, Plaintiffs suffered emotional trauma, fears for their lives, sustained severe and serious other consequential damages;

48. Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein;

49. As a result of the foregoing, plaintiffs have been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts;

**WHEREFORE,** Plaintiff demands judgement against all defendants, jointly and severally in each count in a sum within the jurisdictional limits of the United States District Court and in excess of the jurisdictional limits of all inferior Courts.

**WHEREFORE,** Plaintiff demands judgement against all defendants, jointly and severally in each count in for punitive damages in a sum within the jurisdictional limits of the

United States District Court and in excess of the jurisdictional limits of all inferior Courts.

A jury trial is demanded.

Dated: White Plains, NY
October 28, 2022

By: *Rose A. Rossi*

Rose A. Rossi, Esq.
ROSSI LAW PLLC
Attorneys for Plaintiff
180 South Broadway, STE 200
White Plains, New York 10605
(914) 358-9755