

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX** <br> *Corporation Counsel* | **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **GREGORY ACCARINO** <br> *Senior Counsel* <br> phone: (212) 356-1945 <br> gaccari@law.nyc.gov |

April 24, 2023

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Nathan Mercado, et al. v. City of New York, et al.</u>
                  22 Civ. 9462 (NRB)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and attorney for defendant City of New York in the above-referenced matter. Defendant City writes to respectfully request that the Court compel plaintiffs to produce the required § 160.50 unsealing releases, pursuant to Local Rule 83.10 ("the Plan"), by a date certain, on pain of dismissal for failure to prosecute.

      By way of background, plaintiffs Nathan Mercado and Jael Meade filed their Complaint on November 4, 2022, and brought this action, pursuant to 42 U.S.C. § 1983, against the City of New York and PO "John" Bletcher, Shield No. 3912, alleging claims of, *inter alia*, false imprisonment, false arrest, negligent treatment, and invasion of privacy from March 26, 2021. On November 7, 2022, the Court designated this case as part of the Plan. <u>See</u> ECF No. 2, Notice, November 7, 2022. On January 12, 2023, the Court informed plaintiffs that as of January 12, 2023, no defendant was served, and warned the plaintiffs to serve the defendants otherwise this matter would be dismissed without prejudice. <u>See</u> ECF No. 5, Endorsed Letter, January 12, 2023. On January 24, 2023, plaintiffs served defendant City of New York, but did not include plaintiffs' required § 160.50 unsealing releases pursuant to the Plan. <u>See</u> ECF No. 8, Affidavit of Service¸ January 26, 2023.

      Pursuant to Local Civil Rule 83.10, the plaintiff is required to serve on the City a § 160.50 Release at the same time that plaintiff serves the complaint. Additionally, if plaintiff

seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff must serve on the City medical releases for all medical and psychological treatment records for those injuries at the same time that plaintiff serves the § 160.50 Release. Local Civil Rule 83.10 provides that if the § 160.50 Release is served after the complaint is first served on a defendant, each defendant will have the greater of (i) 60 days from the date of the § 160.50 Release is served on the City, or (ii) 60 days after the defendant is served, to answer the complaint. As provided for in Local Civil Rule 83.10, plaintiff's failure to timely comply with the requirements and serve on the City a § 160.50 Release impacts every subsequent deadline for this matter including the defendant's answer due date, exchange of initial disclosures, completion of limited discovery, and scheduling of the mediation or settlement conference. Local Civil Rule 83.10 instructs that if "any party fails to comply with any requirement under this Rule, the other party shall promptly write to the presiding judge indicated the nature of the failure and requesting relief." To date, plaintiff has failed to provide the required release(s).

In addition, to comply with defendant's obligations under Federal Rule of Civil Procedure 11 ("Rule 11") and investigate the allegations of the Complaint, defendant City must obtain records regarding the court actions underlying plaintiff's claims, including police records, the District Attorney's file, and other court documents. It is our understanding that these records have been sealed pursuant to New York Criminal Procedure Law Section 160.50.

On February 7, 2023, the undersigned emailed plaintiffs' counsel requesting the required § 160.50 unsealing releases and attached unsealing releases, medical releases, a copy of Local Rule 83.10, and a letter instructing plaintiff's counsel that if the required releases were not received by March 1, 2023, defendant City would write to the Court to compel the releases. These documents were also mailed to plaintiffs' counsel at 305 Broadway, Suite 600, New York, New York, 10007. On February 16, 2023, plaintiffs' counsel responded that the documents were mailed to the wrong address, but would use the copies attached to the email. That same day, the undersigned emailed plaintiffs' counsel for her correct address, and on February 24, 2023, plaintiffs' counsel responded with that the correct address was 180 So. Broadway, Suite 200, White Plains, NY 10605.

On March 2, 2023, after not receiving any further response or releases, the undersigned emailed plaintiffs' counsel with an additional copy of the previously sent releases, Plan, and a letter instructing plaintiff's counsel that if the releases were not received by a new date of March 16, 2023, defendant City would write to the Court to compel the releases. That same day, the undersigned mailed the releases, the Plan, and a copy of the previously mentioned letter to plaintiffs' counsel. On March 7, 2023, plaintiffs' counsel responded and acknowledged receiving the documents. On March 21, 2023, after not receiving any documents or further response from plaintiffs' counsel, the undersigned emailed plaintiffs' counsel for a status on the releases. That same day, plaintiffs' counsel responded that she was away until March 29, 2023 and would meet with her clients upon her return to complete the releases. On March 30, 2023, after receiving no further response, the undersigned emailed plaintiffs' counsel for a timetable on the releases and included a copy of the releases and the Plan. On April 6, 2023, after receiving no further response, the undersigned emailed plaintiffs' counsel requesting the required Plan releases and informed plaintiffs' counsel that if defendant City did not receive the required

releases by April 20, 2023, defendant City would be writing to the Court to compel the required Plan releases, and again attached a copy of the releases and the Plan to the email. As of the writing of this letter, defendant City has not received the required Plan releases or any response from plaintiffs' counsel since March 21, 2023.

Accordingly, defendant City respectfully requests that the Court compel plaintiffs to produce their § 160.50 unsealing releases, pursuant to the Plan, by a date certain, on pain of dismissal for failure to prosecute

Defendant City thanks you for your consideration herein.

Respectfully submitted,

*/s/ Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc:    **By ECF:**
Rose Rossi, Esq.
*Attorney for Plaintiffs*

```
Application granted. Plaintiffs are
directed to produce their Section
160.5 releases by June 5, 2023.
SO ORDERED.
```

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          May 22, 2023